IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SOLOMON BACA,

    Plaintiff,

vs.                                                                                                                          No. CIV 20-1334 JB/GBW

LUIS ROSA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Solomon Baca's failure to prosecute this civil action. The Honorable Gregory Wormuth, United States Magistrate Judge for the United States District Court for the District of New Mexico, ordered Baca to clarify what claims, if any, he intends to raise in his Untitled Pro Se Letter-Petition, filed December 2, 2020 (Doc. 1)("Letter-Petition"), and to refile those claims on the appropriate form. See Order to Cure Deficiencies at 1, filed January 15, 2021 (Doc. 3)("Cure Order"). Because Baca did not comply with the Cure Order, the Court will dismiss this case without prejudice to refiling.

## BACKGROUND

Baca is incarcerated at the Cibola County Correctional Center ("CCCD"). See Letter-Petition at 1. He filed the Letter-Petition on November 1, 2020. See Letter-Petition at 1. In the Letter-Petition, Baca asks whether it would be possible to reduce his federal sentence "from 366 days imprisonment to ten months[.]" Letter-Petition at 1. The Court imposed a 366 month sentence on November 12, 2020, after Baca violated the terms of his supervised release. See Judgment in a Criminal Case, entered November 12, 2020 in No. CR 12-0445 JB (CR Doc. 154)("Revocation Judgment"). Baca violated the terms of his supervised release when he used

controlled substances and failed to reside in a residential reentry center for five months. See Revocation Judgment at 1, 2. The Letter-Petition explains that Baca could not receive good time credits at CCCD for fifty-four days, due to the lack of programming, and that reducing the sentence from 366 days to ten months would place Baca in the same position as if he received the credits. See Letter-Petition at 1.

By an Order entered December 22, 2020, the Court referred the matter to Magistrate Judge Wormuth for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference in Prisoner Cases, filed December 22, 2020 (Doc. 2). Thereafter, Magistrate Judge Wormuth entered the Cure Order. See Cure Order at 1. The Cure Order explained:

> District courts do "not have inherent power to resentence [prisoners]." United States v. Blackwell, 81 F.3d 945, 949 (10th Cir. 1996). The Court can only "modify a . . . sentence . . . in specified instances where Congress has expressly granted [it] jurisdiction to do so." Id. at 947. The proper vehicle for challenging a federal sentence is typically a 28 U.S.C. § 2255 habeas proceeding, which permits relief when a federal conviction or sentence violates federal law. See Prost v. Anderson, 636 F.3d 578, 580 (10th Cir. 2011). Inmates may also seek a sentence reduction under 18 U.S.C. § 3582, but only where the sentencing guidelines change or extraordinary and compelling reasons justify compassionate release. See 18 U.S.C. § 3582(c)(1)-(2). Finally, inmates may also challenge the manner in which their sentence is executed (as opposed to imposed) under 28 U.S.C. § 2241. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).

Cure Order at 1-2.

After Magistrate Judge Wormuth entered the Cure Order explaining the differences between each type of claim, the Clerk's Office mailed Baca a form 28 U.S.C. § 2255 habeas petition and a form 28 U.S.C. § 2241 habeas petition, along with a form that may be helpful when drafting a motion to reduce sentence under 18 U.S.C. § 3582. See Cure Order at 3. Magistrate Judge Wormuth fixed a deadline of February 16, 2021, for Baca to complete and return the relevant pleading, depending on which type of claim he intends to pursue. See Cure Order at 2. The Cure Order warned that the failure to timely comply would result in dismissal of this case without

further notice.  See Cure Order at 2.  Baca did not comply, show cause for such failure, or otherwise respond to the Cure Order.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).   As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).   If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious").   Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious, 492 F.3d at 1162.   Those criteria include:

"the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." Nasious, 492 F.3d at 1162.

Here, Baca did not clarify his claims using the appropriate form, as the Cure Order required, and did not evidence a willingness to prosecute this action.  Accordingly, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute and comply with Court orders.  See Olsen v. Mapes, 333 F.3d at 1204.  The dismissal will be without prejudice, after considering the factors in Nasious, 492 F.3d at 1162.

**IT IS ORDERED** that: (i) the Petitioner's Untitled Pro Se Letter-Petition, filed December 2, 2020 (Doc. 1), is dismissed without prejudice pursuant to rule 41(b) of the Federal Rules of Civil Procedure; and (ii) the Court will enter a separate Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Solomon Baca
Milan, New Mexico

    *Pro se petitioner*